## Simpson v. Schuetz, Administrator.

[No. 4,808.    Filed May 20, 1903.]

APPEAL.—*Circumstantial and Opinion Evidence.*—*Weight.*—On appeal the court will not weigh the evidence, although the verdict of the jury is based wholly on circumstantial and opinion evidence, and positive evidence to the contrary was discredited by the jury.

From Clay Circuit Court, *P. O. Colliver,* Judge.

Action by Benjamin Simpson against Edward Schuetz, administrator of the estate of William Baxter, deceased. From a judgment for defendant, plaintiff appeals. *Affirmed.*

*G. A. Knight,* for appellant.
*A. W. Knight,* for appellee.

ROBY, C. J.—This cause, on petition, was advanced.

Appellant filed his claim against the estate of William Baxter, deceased, upon two promissory notes—one dated May 18, 1901, for $350, and one dated June 29, 1901, for $2,100—both due six months from date, and both purporting to be signed by decedent. He produced upon trial a witness who testified that he was present when the notes were made; that he filled out the blank forms upon which they were written; saw them signed by decedent, and saw the money for which they were given paid over. He produced a second witness, a son of the first one, who testified in part to the same facts.

Appellee introduced evidence tending to show that decedent, in January, 1900, sued appellant on a $1,000 note, which was subsequently paid; that in May, 1901, they quarreled over unpaid costs made in that action; that they were on bad terms, not speaking to each other. Two witnesses testified to statements by appellant to the effect that he had not spoken to Baxter after the affair of the note.

Decedent left an estate of $21,000, including notes for $900 and $2,000 in cash. He was in the habit of loaning money, and was not known to have been a borrower. It does not appear from what source appellant procured the money claimed to have been loaned, or what use was made of it by decedent. Fourteen non-expert witnesses testified that the notes were not signed by decedent. The points of dissimilarity stated by them between the alleged and the genuine signature were striking, and no evidence was introduced to disprove such dissimilarity. This evidence was, of course, opinion evidence, but it seems to have been given with positiveness, while no witnesses testified to the authenticity of the signatures except as above stated, which, in view of the large number of times decedent seems to have made his genuine signature, is remarkable, if any similarity existed. There are numerous other facts and inferences deducible from the evidence, but it is not necessary to enumerate them.

The sole error assigned is the overruling of appellant's motion for a new trial. The argument is based upon the proposition that the evidence is not sufficient to sustain the verdict. The exact proposition relied upon is that, inasmuch as the positive evidence shows decedent to have received the money, opinion evidence as to the genuineness of the signatures is insufficient to meet it. There were facts proved from which the inference might reasonably be drawn that no money was loaned to decedent. The jury have drawn that inference. The trial judge has approved the verdict. It was the province of the jury to weigh the positive as well as the circumstantial evidence. The witnesses introduced by appellant were evidently not credited. We can not say that they were entitled to credit. Positive evidence which is not believed does not constitute proof.

Judgment affirmed.